TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00109-CR







In re Clarence Bob Hamilton







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 33,236, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Clarence Bob Hamilton is serving the life sentence imposed in 1984 following his
conviction for aggravated sexual assault. (1) In September 2005, he filed a pro se motion for forensic
DNA testing, and an attorney was appointed to represent him. See Tex. Code Crim. Proc. Ann. art.
64.01 (West Supp. 2005). On February 7, 2006, after considering the State's response to the motion
and Hamilton's reply to the State's response, the district court overruled the motion. This appeal
followed.

There is no dispute regarding the underlying facts, which we discussed in our 1986
opinion. Two black men wearing gloves and masks, one armed with a screwdriver, entered the
complainant's house at about 3:00 a.m. The intruders beat the complainant into unconsciousness. 
She regained consciousness at about 7:45 a.m. and made her way to a neighbor's house. During
treatment at the hospital emergency room, it was discovered that the complainant had been sexually
assaulted. Tests of seminal fluid recovered from the complainant's body showed that it had been
deposited by a person having type B blood. Fifteen percent of the black population, including
Hamilton, have this blood type. Later that same day, Hamilton sold two items of furniture taken
from the complainant's house. A locket also stolen by the intruders was found in Hamilton's
residence following his arrest. The trial court authorized Hamilton's conviction for sexual assault
as either the primary actor or as a party, and this Court found the evidence to be legally sufficient to
sustain the jury's finding of guilt. The second intruder was never identified.

According to the State's response, six items of evidence containing biological
material, including the rape kit, remain in the State's possession, and it is possible that DNA tests
can be successfully performed even after twenty-two years. In its order denying testing, the trial
court found that Hamilton failed to establish by a preponderance of the evidence that he would not
have been convicted if exculpatory results were obtained through DNA testing. See id. art.
64.03(a)(2)(A); see also Smith v. State, 165 S.W.3d 361, 364-65 (Tex. Crim. App. 2004) (DNA
testing applicant must prove there is 51 percent chance that he would not have been convicted if test
results were favorable). Hamilton's sole point of error challenges this conclusion. Because this is
a mixed question of law and fact that does not turn on credibility, we conduct a de novo review. 
Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).

Hamilton argues that an exculpatory DNA test result would conclusively establish
that he was not the person who sexually assaulted the complainant, and that he could not be
convicted as a party to the offense in the absence of direct evidence that he encouraged, directed, or
aided the assailant. See Tex. Pen. Code Ann. § 7.02 (West 2003). But as this Court held on original
submission, the only reasonable inference that can be drawn from the evidence is that the
complainant was sexually assaulted by one of the burglars. Hamilton's possession of the
complainant's property supports an inference that he was one of the burglars, and his various efforts
to explain away his possession of the stolen property were shown to be false. An item of stolen
property was retrieved from his residence. Contrary to Hamilton's argument, the evidence would
support his conviction as a party to the sexual assault even if the DNA tests were exculpatory. In
light of the competent evidence supporting a finding of Hamilton's guilt as a party to the offense,
he did not establish by a preponderance of the evidence that he would not have been convicted if
exculpatory results were obtained through DNA testing.

The point of error is overruled, and the district court's order is affirmed.




 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: September 19, 2006

Do Not Publish
1. The conviction was affirmed by this Court. Hamilton v. State, No. 03-84-00331-CR (Tex.
App.--Austin Jan. 22, 1986, no pet.) (not designated for publication).